IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jay Dickson Robertson, ) | |
| ) | Civil Action No. 6:05-2776-GRA-BHH |
| Appellant, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| W. Clarkson McDow, Jr. United States ) | |
| Trustee, Region Four; Wachovia Bank, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the Court on appeal from the Order of the Honorable John E. Waites, United States Bankruptcy Judge, dated August 8, 2005.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

This appeal arises from a chapter 13 bankruptcy case filed by the appellant on June 29, 2005. The bankruptcy effects the appellee Wachovia Bank's first mortgage against the appellant's residence located at 23 Fisher Road, Greenville, South Carolina.[1] By previous Order of the bankruptcy court, dated October 3, 2003, however, the appellant had been prohibited from re-filing a bankruptcy petition prior to October 3, 2005. Accordingly, the present petition was filed in violation of that October 2003 Order. (R. Ex. 1 at 3, 9.)

The bankruptcy petition, which was the subject of the October 2003 Order, had also

---

[1] The appellee United States Trustee (the UST) is an official of the United States Department of Justice who is charged with the duty to supervise the administration of bankruptcy cases and trustees. *See* 28 U.S.C. § 586. The UST has standing to raise and appear and be heard on any issue in any case under the Bankruptcy Code. 11 U.S.C. § 307.

been filed in violation of a previous Order prohibiting the appellant from re-filing for bankruptcy until February 3, 2004. (R. Ex. 1 at 3.) In all the appellant has filed four petitions, two of which have been in violation of specific Court Orders.[2] *Id*.

In regards to this present bankruptcy petition and upon a Rule to Show Cause issued by the bankruptcy court, a hearing was conducted. The appellant, appearing *pro se* at the hearing, sought a continuance alleging diminished mental and physical condition resulting from heart disease, thyroid cancer, and complications due to certain medications he was taking. (R. Ex. 1 at 4.) The appellant had not previously requested a continuance. *Id*. He claimed that he was impaired to the point that he could not present his defense. *Id*. The bankruptcy court denied his request for a continuance concluding that the appellant appeared capable of proceeding with his case. (R. Ex. 1 at 5.) The appellant did not introduce any medical records, doctor's excuse, or expert testimony to corroborate his claims of incapacity or inability to proceed. *Id*.

In a written order, dated August 8, 2005, the bankruptcy judge found that the appellant had "invoked the system's protections in bad faith merely to pursue his own interests while ignoring the Code's basic requirements for a debtor." (R. Ex. 1 at 10.) Thus, the bankruptcy court (1) found the appellant in civil contempt of the October 3, 2003, Order; (2) dismissed the present case with prejudice prohibiting any future bankruptcy filing by the appellant until October 3, 2007; (3) held that no future bankruptcy filing by the appellant or any other party would invoke the automatic stay as to the appellant's residential property until October 3, 2007, absent further order of the court; (4) sanctioned the Appellant a total of $5,589.48 in attorneys fees, costs and unpaid prior sanctions, and required him to pay this sum to the clerk and to the secured creditor as apportioned by the order; and (5)

---

[2] A more detailed account of the debtor's history can be found in the bankruptcy court order. (R. Ex. 1 at 2-4.)

ordered that the matter be referred to the United States Attorney for the District of South Carolina.

## STANDARD OF REVIEW

The applicable standard of review on appeal from the bankruptcy court is that findings of fact shall not be set aside unless clearly erroneous, and conclusions of law may be reviewed de novo. *In re Johnson*, 960 F.2d 396 (4th Cir. 1996).

## DISCUSSION

Although the Court recognizes that the appellant is proceeding *pro se*, his brief on appeal is entirely without merit; lacking in any evidentiary support; and reinforces his apparent disregard for the judicial process to which he repeatedly insists on appealing. As the appellees point out, the appellant even fails to designate any portion of the transcript of the trial in this matter as part of the record on appeal. *See* Fed. R. Bankr. P. 8006. While the Court will not deny the appeal on that ground alone, the deficiency is apparently symptomatic of the appellant's inability to conform his conduct to the requirements of either court orders or rules and would otherwise be a fatal roadblock to resolving the merits of his appeal, were there any; however, it is clear from the available record that there are none.

First, the appellant contends that the award to Wachovia Bank and the fine imposed are excessive and without merit. The appellant contends that any "amount ruled correct by the court should be taken from the escrow account of the bank's previous counsel." (App. Brief at 1.)

The bankruptcy court determined that the appellant was in contempt of its October 3, 2003 Order, insofar as he had filed a petition prior to October 3, 2005, and that Wachovia Bank had suffered damage as a result. Accordingly, the bankruptcy judge awarded $1500 in attorneys' fees; $371.25 in advertising costs; and $2,218.23 in interest for a total of $4,089.48.

There is nothing facially excessive about the amount of the fine and the appellant's bald-faced allegation does not make it otherwise. The bankruptcy judge made specific findings of fact and conclusions of law in support of his determination that the appellant has repeatedly violated court orders and that sanctions were justified. (R. Ex. 1 at 3, 4, 9.) The appellant has not directed the Court to any legal or evidentiary basis to conclude differently.

Second, the appellant "disagrees" that he could not re-file his bankruptcy petition prior to October 3, 2005. He claims that to prohibit refiling for "twenty nine months" is an excessive amount of time and that the prohibition should have been only "twenty four months." Again, the appellant cites no authority. Regardless, the prohibition on re-filing was, in fact, only two years. (R. Ex. 1 at 3.) The bankruptcy court, in an Order dated October 3, 2003, barred the appellant from filing another petition until October 3, 2005. The Court can apprehend no error.

The appellant finally complains that the bankruptcy court erred in determining that he was competent to testify at the hearing and that a continuance of the same should have been granted. Of course, the determination of the appellant's competency to testify and the propriety of a continuance are within the sound discretion of the bankruptcy judge. *See Latham v. Crofters, Inc.*, 492 F.2d 913, 914 (4th Cir. 1974) (continuance); *United States v. Odom*, 736 F.2d 104, 112-13 (4th Cir.1984) (competency). As always, it is the bankruptcy judge who was in the most advantageous position to assess the competency of the appellant.

To that end, the bankruptcy judge expressly analyzed the competency of the appellant pursuant to state and federal law and made specific findings of fact and conclusions of law. (R. Ex. 1 at 5-7.) Although the appellant now offers to submit a doctor's statement or lab results, no such evidence was proffered to the bankruptcy judge, who specifically noted as much. Instead, the bankruptcy judge observed the appellant's vigorous, articulate, and capable ability to make a coherent and intelligent defense on his

own behalf. (R. Ex. 1 at 7.) The bankruptcy judge found that the appellant "did not appear fatigued or incapable of proceeding" and "appeared to understand truth from falsehood and his obligation to tell the truth." ( R. Ex. 1 at 5.) The appellant has raised no allegation and has certainly failed to produce any evidence from which the Court could conclude that the bankruptcy judge's determination as to either the appellant's competency or the continuance was an abuse of discretion.[3]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the decision of the bankruptcy court in this matter, dated August 8, 2005, be AFFIRMED.

s/Bruce H. Hendricks
United States Magistrate Judge

August 2, 2006

Greenville, South Carolina

---

[3] The appellant also makes some argument in regards to the *in rem* relief granted by the bankruptcy court. Upon review of the record and applicable law, the Court concludes that the argument is non-specific and without any merit.